UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

|  |  |  |
|---|---|---|
| In re | : | |
|  | : | Case No. 09-21660-DK |
| BAY MANAGEMENT, LLC | : | Chapter 11 |
|  | : | |
| Debtor. | : | |

# EMERGENCY MOTION FOR APPROVAL OF AGREEMENT
# AND REQUEST FOR EMERGENCY HEARING

TO THE HONORABLE DUNCAN W. KEIR, BANKRUPTCY JUDGE:

COMES NOW Bay Management, LLC ("Debtor") by and through counsel, Stinson Morrison Hecker LLP, and in support of its Emergency Motion For Approval of Agreement and Request for Emergency Hearing, respectfully states as follows:

1. On June 26, 2009, petitioning creditors filed an Involuntary Petition against the Debtor under Chapter 7 of the United States Bankruptcy Code. The case was converted to a Chapter 11 case on July 31, 2009.

2. On December 9, 2009, the Debtor filed a Notice of Intention to Cease Operations at 20 Blockbuster-branded stores, and has represented that that matter is due to be heard on January 6, 2009.

3. Blockbuster Inc. ("Blockbuster") asserts that as of December 8, 2009, it was owed $539,749.14 by non-debtor affiliates of the Debtor (the "Franchisees") pursuant to certain franchise agreements between Blockbuster and the Franchisees. Of this amount, Blockbuster asserts that $327,848.70 was incurred after the date of the entry of the order for relief in this bankruptcy case, and that an additional $195,785.01 was incurred between the petition date and

the date of the entry of the order for relief.  Blockbuster also asserts that additional amounts have accrued since December 8, 2009, and continue to accrue under the franchise agreements.

4.     By letters dated November 9, 2009, Blockbuster notified the Franchisees that the Franchise Agreements were terminated effective immediately.

5.     By letters dated December 9, 2009, Blockbuster notified the Franchisees that they must immediately cease using Blockbuster trademarks, debrand the stores and remove all signage referencing any Blockbuster mark or otherwise identifying or relating to a BLOCKBUSTER video store.

6.     On December 15, 2009, the Debtor and Blockbuster, Inc. reached an agreement ("Agreement") on certain issues with respect to the closing of these stores.  A copy of the Agreement is attached hereto as Exhibit A.  By way of summary, Blockbuster is prepared to defer in part its demands for immediate payment of the amounts alleged to be due by the Franchisees, and to allow certain stores to continue operations as Blockbuster-branded stores for a limited time, provided that the Debtor and the Franchisees agree and the Debtor is directed to cause the Franchisees to comply with the terms of the franchise agreements regarding the de-branding of stores as they close.

7.     The Debtor believes that absent immediate relief, it would suffer immediate and irreparable harm[1] because Blockbuster has sent the requisite notices to enable Blockbuster to terminate the provision of services to the Franchisees, thus enabling Blockbuster to immediately attempt to cause the closure of the stores and thereby jeopardize or eliminate the cash flow from the Franchisees to the Debtor.  The Debtor has negotiated an extension of time under the Agreement for some of the Franchisees' stores with higher cash flow to remain open longer than would otherwise be possible, and longer than Blockbuster is willing to permit absent the

---

[1] Blockbuster denies that the Debtor would suffer harm as a result of actions towards the Franchisees.

payments and assurances contemplated by the below agreement. The Agreement will therefore increase the return to the Franchisees and the Debtor from the stores' operations.

8.  Pursuant to the Agreement, Blockbuster requires that the Debtor obtain the Court's approval of the Agreement no later than December 22, 2009. The Debtor is, therefore, requesting that the Court schedule an emergency hearing for December 22, 2009.

9.  Fed. R. Bankr. P. 9006(c) provides, *inter alia*, that when an action is required or allowed to be done at or within a specified time, "the court for cause shown may in its discretion with or without motion or notice order the period reduced."

10. Because the Debtor and Blockbuster are each exchanging promises in exchange for certain forbearances, the Court is requested to approve this Agreement pursuant to § 363(b), which the Debtors believe would be otherwise out of the ordinary course of business under the circumstances of this case.

WHEREFORE, Bay Management LLC, respectfully requests that this Court enter an Order:

a.  Scheduling an Emergency Hearing for December 22, 2009;

b.  Approving the Agreement between the Debtor and Blockbuster; and

c.  Granting such other relief as is just and proper.

Date: December 16, 2009                                    Respectfully submitted,

/s/ Janet M. Nesse
Janet M. Nesse, Bar No. 07804
Stinson Morrison Hecker LLP
1150 18TH Street, N.W. Suite 800
Washington, DC  20036
(202) 785-9100
jnesse@stinson.com

*Counsel for Bay Management, LLC*